UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

JOHN ALAN LEWIS

Case No. 1:13-cr-79-JMS-DML -01

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00079-JMS-DML |
| | ) | |
| JOHN ALAN LEWIS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant John Alan Lewis has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 131. Mr. Lewis seeks immediate release from incarceration. Dkt. 137. For the reasons explained below, his motion is **DENIED**.

I.     **Background**

On August 13, 2014, after a three-day trial, a jury found Mr. Lewis guilty of: (1) attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a); (2) travel to engage in illicit sex with a minor, in violation of 18 U.S.C. § 2423(b); (3) shipping or transporting child pornography, in violation of 18 U.S.C. 2252(a)(1); (4) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and (5) offense by a registered sex offender, in violation of 18 U.S.C. § 2260A. Dkt. 77. The Court sentenced Mr. Lewis to 300 months of imprisonment on Count 1; 300 months on Count 2; 180 months on Count 3; and 120 months on Count 4. Dkt. 88. The sentences for Counts 1-4 are concurrent. *Id.* The Court sentenced Mr. Lewis to 120 months of imprisonment on Count 5, which is to run consecutively to Counts 1-4, for a total of 420 months. *Id.* The Court also imposed lifetime supervised release. *Id.*

Mr. Lewis is 71 years old. He is currently incarcerated at FCI Cumberland in Cumberland, Maryland. As of February 8, 2021, the Bureau of Prisons ("BOP") reports that 13 inmates and 10 staff members at FCI Cumberland have active cases of COVID-19; it also reports that 378 inmates at FCI Cumberland have recovered from COVID-19 and that no inmates at FCI Cumberland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Feb. 9, 2021).

Mr. Lewis was arrested on September 19, 2012 and has remained in custody since that time. Dkts. 6, 8, 9. The BOP gives his projected release date with good time credit as July 17, 2042.

On August 3, 2020, Mr. Lewis filed a pro se motion for compassionate release. Dkt. 131. The Court appointed counsel. Dkt. 132. Appointed counsel filed a supporting memorandum, dkt. 137, the United States responded, dkt. 142, and Mr. Lewis filed a reply, dkt. 146. Thus, the motion is now ripe for decision.

## II.    Discussion

Mr. Lewis seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 137. Specifically,  he contends that his underlying medical conditions (Type 2 diabetes, polyneuropathy in diabetes, morbid obesity, hypertension, hypercholesterolemia and sleep apnea), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Lewis remains a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 142.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C.

§ 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons

("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons."

Now, a defendant is also permitted to file such a motion after exhausting administrative

remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The

amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment
> (and may impose a term of probation or supervised release with or without
> conditions that does not exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>> or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30
>> years in prison, pursuant to a sentence imposed under section
>> 3559(c), for the offense or offenses for which the defendant is
>> currently imprisoned, and a determination has been made by the
>> Director of the Bureau of Prisons that the defendant is not a danger
>> to the safety of any other person or the community, as provided
>> under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the

---

[1] The United States concedes that Mr. Lewis has exhausted his administrative remedies. Dkt. 142 at 2.

defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A),

the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Lewis does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Lewis's warden in denying Mr. Lewis's administrative request for relief. Mr. Lewis's warden appears not to have considered the possibility that Mr. Lewis could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused

Mr. Lewis claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including Type 2 diabetes, polyneuropathy in diabetes, morbid obesity, hypertension, hypercholesterolemia and sleep apnea) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 137. The United States concedes that in light of Mr. Lewis's combination of health conditions, he has shown extraordinary and compelling reasons potentially warranting a sentence reduction based on his risk of experiencing severe COVID-19 symptoms. Dkt. 142 at 5. Therefore, the Court will assume without deciding that Mr. Lewis's risk of severe COVID-19 symptoms is an extraordinary and compelling reason that could warrant a sentence reduction.

This assumption does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Lewis's compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of

---

only on Subsection (A). *See* dkt. 137-4. Thus, the warden's decision provides little guidance to the Court's analysis.

the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Lewis's motion.

Here, Mr. Lewis suffers from at least two medical conditions that increase his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 9, 2021) (identifying Type 2 diabetes and obesity as conditions that increase the risk of severe COVID-19 symptoms). While FCI Cumberland experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Feb. 9, 2021) (showing that 378 inmates had recovered from the virus). The BOP has also actively begun vaccinating inmates against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021). As of February 8, 2021, 27 inmates and 166 staff members at FCI Cumberland have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Lewis faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

As previously stated, after a three day trial, a jury found Mr. Lewis guilty of: (1) attempted sexual exploitation of a child; (2) travel to engage in illicit sex with a minor; (3) shipping or transporting child pornography; (4) possession of child pornography; and (5) offense by a registered sex offender. Dkt. 77. The evidence presented against Mr. Lewis at trial included that he had online chats with an individual whom he believed to be a 14 year-old prostitute named "Becky." Dkt. 124. "Becky" also sent him sexually explicit images of herself and Mr. Lewis told "Becky" that he wanted to record a video of her engaging in sexually explicit conduct. He offered

repeatedly to travel to Indiana to meet "Becky," telling her that he wanted to have sex with her in a hotel and then take her to live with him in Ohio. He said he would bring cameras with him to take videos and photographs of their sex acts. In September 2012, Mr. Lewis drove to Indiana to meet "Becky." Police arrested him as he drove past the apartment where he believed she lived. A search of his car turned up a list of motels in the area, a digital camera, a tripod, and digital storage media containing more than 100 sexually explicit images of "Becky" and instructions for photographing sex scenes.

Mr. Lewis was arrested on September 19, 2012 and has remained in custody since that time. Dkts. 7, 9, 84. During his imprisonment, Mr. Lewis has not had any disciplinary infractions. Dkt. 137-6. Mr. Lewis has also completed many education classes offered at his facility and the BOP rates him as a minimum risk for recidivism. Dkts. 137-5; 137-11. All of these factors weigh in his favor under the Court's § 3553(a) analysis.

Weighing against him, the nature of Mr. Lewis's crimes is extremely serious and involves minors. Mr. Lewis has barely completed one quarter of his 420-month sentence. This is also not Mr. Lewis's first conviction related to attempted sexual contact with minors or child pornography. In 2006, Mr. Lewis was convicted of importuning and attempted sexual conduct with a minor. Dkt. 84. At that time, he was also convicted of illegal use of a minor in nudity-oriented material or performance because his seized computer contained child pornography. *Id.* Finally, also weighing against him, the BOP has assigned him a medium security classification. Dkt. 137-11.

In light of the seriousness of Mr. Lewis's crimes, the amount of time remaining on his significant sentence and the fact that he committed these crimes even after serving a term of imprisonment for similar crimes involving children, the Court finds that releasing him early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment

for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks that prisoners with underlying conditions such as Mr. Lewis face from COVID-19, but it cannot find that those risks warrant releasing him from incarceration and putting children at risk. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

## III.    Conclusion

For the reasons stated above, Mr. Lewis's motion for compassionate release, dkt. [131], is **denied**.

    **IT IS SO ORDERED.**

Date: 2/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel