UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-00079-JMS-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOHN LEWIS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00079-JMS-DML |
| | ) | |
| JOHN LEWIS, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant John Lewis has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 165. For the reasons explained below, his motion is **DENIED**.

**I.
Background**

On August 13, 2014, after a three-day trial, a jury found Mr. Lewis guilty of: (1) attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a); (2) travel to engage in illicit sex with a minor, in violation of 18 U.S.C. § 2423(b); (3) shipping or transporting child pornography, in violation of 18 U.S.C. 2252(a)(1); (4) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and (5) offense by a registered sex offender, in violation of 18 U.S.C. § 2260A. Dkts. 77, 88. As summarized by this Court in a prior order:

> The evidence presented against Mr. Lewis at trial included that he had online chats with an individual whom he believed to be a 14 year-old prostitute named "Becky." Dkt. 124. "Becky" also sent him sexually explicit images of herself and Mr. Lewis told "Becky" that he wanted to record a video of her engaging in sexually explicit conduct. He offered repeatedly to travel to Indiana to meet "Becky," telling her that he wanted to have sex with her in a hotel and then take her to live with him in Ohio. He said he would bring cameras with him to take videos and photographs of their sex acts. In September 2012, Mr. Lewis drove to Indiana to meet "Becky." Police arrested him as he drove past the apartment where he believed she lived. A search

> of his car turned up a list of motels in the area, a digital camera, a tripod, and digital storage media containing more than 100 sexually explicit images of "Becky" and instructions for photographing sex scenes.

Dkt. 148 at 8.

The Court sentenced Mr. Lewis to 300 months of imprisonment on Count 1; 300 months on Count 2; 180 months on Count 3; and 120 months on Count 4. Dkt. 88. The sentences for Counts 1-4 are concurrent. *Id.* The Court sentenced Mr. Lewis to 120 months of imprisonment on Count 5, which is to run consecutively to Counts 1-4, for a total of 420 months. *Id.* The Court also imposed lifetime supervised release. *Id.* The Bureau of Prisons ("BOP") lists Mr. Lewis's anticipated release date (with good-conduct time included) as July 17, 2042. https://www.bop.gov/inmateloc/ (last visited February 28, 2024).

Mr. Lewis filed his first motion for compassionate release in 2020, dkt. 131, which the Court denied, dkt. 148. Mr. Lewis has filed his second motion for compassionate release *pro se*. Dkt. 165. Mr. Lewis argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he is suffering from a number of serious mental and physical conditions; dkt. 165 at 2-3; (2) the BOP facility he is currently housed in is experiencing an outbreak of Legionnaire's disease which, along with staff shortages, has subjected him to quarantines and other harsh conditions in prison, dkt. 165 at 3–4; and (3) the COVID-19 pandemic places him at increased risk of mortality while incarcerated, dkt. 165 at 5. The Court has concluded that it can resolve the motion without a response from the United States.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are

3

applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Mr. Lewis's motion, as appropriate.

Mr. Lewis first argues that he suffers from a number of medical conditions which are serious, constituting an extraordinary and compelling reason for release. Dkt. 165 at 2. To support his argument, Mr. Lewis has provided medical records showing that he underwent an appendectomy while incarcerated and is experiencing eye problems in the BOP. *Id.* at 2–3. He also notes several other conditions such as Type 2 Diabetes, a heart attack experienced in 2002, high blood pressure, arthritis, and knee pain. Dkt. at 2.

Mr. Lewis, however, has not met his burden to show that his conditions are serious. First, Mr. Lewis's medical records do not show that his appendectomy is a serious condition that he from which he currently suffers. His medical records note that, after the procedure on May 11, 2021, Mr. Lewis's physician found that he "tolerated the procedure well." Dkt. 165-1 at 11. One week later, his physician noted that he "is doing well since surgery." *Id.* at 14. With regard to Mr. Lewis's

4

eye problems, in September 2023, Mr. Lewis was given a diabetic eye exam as well as a cataract evaluation. *Id.* at 17. His optometrist noted blurred vision and no pain. *Id.* He was diagnosed with mild age-related cataracts with a mild impact on vision and no diabetic retinopathy. *Id.* at 18. Mr. Lewis was prescribed bifocals and recommended annual examinations, and his records note that he was not ready for surgery on his cataracts. *Id.* Mr. Lewis provides no further medical documentation regarding any other medical conditions, with the exception of a list of medications he takes. Dkt. 165-1 at 5. While his records certainly show that Mr. Lewis experienced a painful medical condition and procedure in 2021, they do not support Mr. Lewis's contention that his appendectomy, his eye problems, or any other condition is a serious conditions warranting release. For this reason, the Court finds that Mr. Lewis has not met his burden to show that he is suffering from a serious medical condition constituting an extraordinary and compelling reason for release whether considered alone or in combination with any other reason.

Mr. Lewis next argues that the conditions in the BOP, including staff shortages and quarantines due to Legionnaire's disease, have subjected him to unduly harsh terms of incarceration. Dkt. 165 at 3–4. Allegations that the BOP has failed to provide protection from Legionnaire's disease and subjected him to inadequate conditions thus violating Mr. Lewis's constitutional rights might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Further, every inmate at the facilities in which Mr. Lewis has served his sentence has dealt with similar issues. Mr. Lewis has simply not shown that his situation is extraordinary as compared to other inmates. Thus, the Court finds that Mr. Lewis has not carried

5

his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

      Mr. Lewis's final reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Lewis is vaccinated, dkt. 165 at 5, and has presented no evidence that he is somehow unable to benefit from the vaccine. Additionally, Mr. Lewis "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Defendant has not carried his burden to show that the risk he

faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Even if the Court were to assume that Mr. Lewis had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Lewis is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] With regard to these factors, Mr. Lewis argues that his pre-incarceration community volunteer work, including with a youth soccer programs, dkt. 165-1 at 30, as well as other children's charities, demonstrate that he has a character that warrants release, dkt. 165 at 4. He also states that his family ties and employment weigh in favor of his release. *Id.*

In its prior order denying compassionate release, the Court, while acknowledging the relevance the risk of COVID-19 in prison has to consideration of these factors, analyzed the § 3553(a) factors as follows:

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Mr. Lewis has not shown that the criteria for this extraordinary and compelling reason are met with regard to either COVID-19 or Legionnaire's disease. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

> Mr. Lewis was arrested on September 19, 2012 and has remained in custody since that time. Dkts. 7, 9, 84. During his imprisonment, Mr. Lewis has not had any disciplinary infractions. Dkt. 137-6. Mr. Lewis has also completed many education classes offered at his facility and the BOP rates him as a minimum risk for recidivism. Dkts. 137-5; 137-11. All of these factors weigh in his favor under the Court's § 3553(a) analysis.
>
> Weighing against him, the nature of Mr. Lewis's crimes is extremely serious and involves minors. Mr. Lewis has barely completed one quarter of his 420-month sentence. This is also not Mr. Lewis's first conviction related to attempted sexual contact with minors or child pornography. In 2006, Mr. Lewis was convicted of importuning and attempted sexual conduct with a minor. Dkt. 84. At that time, he was also convicted of illegal use of a minor in nudity-oriented material or performance because his seized computer contained child pornography. *Id.* Finally, also weighing against him, the BOP has assigned him a medium security classification. Dkt. 137-11.

Dkt. 148 at 8.

Mr. Lewis has provided no new information which would alter this analysis. Specifically, his contention that his release is warranted because of his previous volunteer work with children is unpersuasive given the nature of his offenses. Moreover, the Court was aware of his family ties and employment at the time of sentencing and imposed his current sentence after consideration of these characteristics. Dkt. 84 at 10, 12. Finally, Mr. Lewis is not scheduled to be released from prison until July 2042. Releasing him now would result in such a substantial reduction that his sentence would no longer bear any relation to the severity of Mr. Lewis's crimes.

In light of these considerations, the Court finds that releasing Mr. Lewis early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

## III.
## Conclusion

For the reasons stated above, Mr. Lewis's motion for compassionate release, dkt. [165], is **denied**.

    **IT IS SO ORDERED.**

Date: 3/4/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

John Lewis
Register Number: 10979-028
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501